B25A (Official Form 25A) (12/11)

## United States Bankruptcy Court
### Eastern District of Arkansas

In re **Kevin D. Ganong**
Debtor(s)

Case No. **3:12-bk-12831**
Chapter **11**

Individual Case under Chapter 11

## KEVIN D. GANONG'S PLAN OF REORGANIZATION, DATED NOVEMBER 13, 2012

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **Kevin D. Ganong** (the "Debtor") from cash flow from operations and future income].

This Plan provides for 1 classes of secured claims; 1 classes of unsecured claims; and 0 classes of equity security holders. Administrative claims and priority tax will be paid in full under the Plan. The secured claims will continue to be paid on a monthly basis during the term of the Plan and may extend beyond the term of the Plan. The secured portion of the claim to Joel Brown will be paid in full on a monthly basis over the term of the Plan. Unsecured creditors holding allowed and undisputed claims will receive a pro rata distribution based off of allowed proofs of claim over the term of the Plan. The pro rata amount will come from the proposed $65,140.00 paid in for unsecured creditors. This Plan also provides for the payment of administrative and priority claims over the term of the Plan. It is believed that the Internal Revenue Service has a priority debt of $50,000 which is to be paid out monthly over the term of the Plan.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders will be subsequently circulated. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.  All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02    Class 2.  The claim of Bank of America, Focus Bank, and BancorpSouth, and Joel Brown to the extent allowed as a secured claim under § 506 of the Code.

2.03    Class 3.  All other unsecured claims allowed under § 502 of the Code.

### ARTICLE III
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
### U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.  Each holder of a priority tax claim will be paid the total value as of the effective date of the Plan equal to the amount of such claim over a period ending not later than five (5) years after the date of the order of relief under sections 3.01, 3.02 or 3.03 and in a manner not less favorable than the most favored non-priority unsecured claim provided by the Plan.

B25A (Official Form 25A) (12/11) - Cont. 2

      3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

      4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | Unimpaired | Each holder of a class 1 priority claim will be paid in full in cash over the term of the Plan as defined in Article VII. |
| Class 2 - Secured Claim of Bank of America; Focus Bank; BancorpSouth; and Joel Brown | Unimpaired for Bank of America, Focus Bank, and BancorpSouth.<br><br>The claim for Joel Brown is unimpaired as to the secured portion and impaired as to the unsecured portion. | Bank of America will be paid its secured claim in monthly installments in accordance with the promissory note and contract on a monthly distribution and this claim may extend beyond the term of the Plan.<br><br>Focus Bank will be paid its secured claim in monthly installments in accordance with the promissory note and contract on a monthly distribution and this claim may extend beyond the term of the plan.<br><br>BancorpSouth will be paid its secured claim in monthly installments in accordance with the promissory note and contract on a monthly distribution and this claim may extend beyond the term of the Plan.<br><br>Joel Brown will be able to retain his judicial security lien in the amount of $100,902.00 and he will be paid the allowed amount in 90 equal monthly installments beginning the first day of the full month after the effective date of the Plan.  The unsecured portion of the claim will be paid as a claim under Class 3.  Upon final payment on the secured portion, Joel Brown will release his judicial security lien. |
| Class 3 - General Unsecured Creditors<br><br>Unico Bank | Impaired | Unico Bank will take a pro rata disbursement every 6 months after the first day of the confirmation of the Plan based on its unsecured debt of $29,162.00. |
| Joel Brown | Impaired | Joel Brown will take a pro rata disbursement every 6 months after the first day of the confirmation of the |

| | | |
|---|---|---|
| Strategic Funding (disputed) | Impaired | Plan based on his unsecured debt of $162,098.00. |
| Arvest Bank | Impaired | Strategic Funding is disputed and if the claim is allowed, it will take a pro rata disbursement every 6 months after the first day of the confirmation of the Plan based on its unsecured debt of $270,000.00. |
| Blockbuster, Inc. (disputed) | Impaired | Arvest Bank will take a pro rata distribution every 6 months after the first day of the confirmation of the Plan based on its unsecured debt of $5300.00. |
| FIA Card Services | Impaired | Blockbuster, Inc. is disputed and if the claim is allowed, it will take a pro rata disbursement every 6 months after the first day of the confirmation of the Plan based on its unsecured debt of $1,000,000.00. |
| HSBC | Impaired | FIA Card Services will take a pro rata distribution every 6 months after the first day of the confirmation of the Plan based on its unsecured debt of $1,019.00. |
| USAA | Impaired | HSBC will take a pro rata distribution every 6 months after the first day of the confirmation of the Plan based on its unsecured debt of $233.00. |
| Happy Rock Financial | Impaired | USAA will take a pro rata distribution every 6 months after the first day of the confirmation of the Plan based on its unsecured debt of $87.97. |
| | | Happy Rock Financial will take a pro rata distribution every 6 months after the first day of the confirmation of the Plan based on its unsecured debt of $30,000.00. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

     5.01    <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

     5.02    <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by final non-appealable order.

     5.03    <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     6.01    <u>Assumed Executory Contracts and Unexpired Leases</u>.

     (a)    All executory contracts or unexpired leases of the Debtor not previously assumed or rejected under 11 U.S.C. Section 365 are hereby expressly rejected.

## ARTICLE VII
### MEANS FOR IMPLEMENTATION OF THE PLAN

    The Debtor will fund the Plan from the rents received from the rental properties and from his salary and earnings received in his occupation.  The Debtor will retain all of the property of the Estate.  Debtor will pay in satisfaction any mortgages and liens with the understanding the treatment of the mortgages will extend beyond the term of the Plan and will extend any maturity date or a change in the interest rate if the secured mortgages come due during the term of the Plan of Reorganization.  The term of Plan will be for 7.5 years wherein out of the rents and the salary and earnings from his occupation Debtor will pay $2400.00 per month during the 7.5 years.

## ARTICLE VIII
### GENERAL PROVISIONS

     8.01    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

     Management:  Debtor's business and property shall be managed during the period of the Plan by the Debtor who is the present management.

     Property of the Estate:  All property of the Estate not dealt with in the Plan shall be deemed the property of the Debtor upon the effective date of the Plan.

     Modification of the Plan:  Debtor may file and submit modifications of the Plan to the Court at any time prior to confirmation in a manner provided for in 11 U.S.C. Section 1127.

     Default:  If any payment provided for under the Plan is not made on or before the date specified in the Plan, the Debtor shall have thirty (30) days to make payment before being deemed in default.

     Administrative claim:  An administrative expense (including a professional fee or expense) that is entitled to a priority payment under 11 U.S.C. Section 507(a)(1) and that is allowed under 11 U.S.C. Section 503.

     Allowed claim:  The amount of a claim, a proof of which was filed within the time fixed by the Court or which was listed on the schedules filed by the Debtor (and was not listed thereon as being disputed, contingent or unliquidated), to which no objection is filed or which is allowed by order of the Court.

     Court:  The United States Bankruptcy Court for the Eastern District of Arkansas.

     Debtor:  Kevin Ganong

     Effective date of the Plan:  The date on which the order of the Court confirming the plan becomes final, nonappealable, and not subject to stay.

     Estate:  The estate created under 11 U.S.C. Section 541 by reason of the commencement of this case.

Impaired claim: A claim of which the legal, equitable or contractual rights of the holder are altered by the Plan.

Plan: The Debtor's Plan of Reorganization Dated November 13, 2012 (i.e. this Plan of Reorganization).

Term of Plan: A period beginning on the effective date of the Plan and ending when all payments and other acts required of the Debtor under the Plan have been made.

8.02    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will insure to the benefit of the successors or assigns of such entity.

8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Arkansas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Retention of Jurisdiction. The Court shall retain jurisdiction over the parties to and the subject matter of the Plan and all matters related thereto until the Plan has been fully consummated and the case closed, or until the case is dismissed or converted to another chapter. Specifically, the court shall retain jurisdiction to interpret and enforce the provisions of the Plan, determine all disputes or controversies arising under the Plan, enter orders in aid of consummation of the Plan, and determine the allowance of claims or expenses against the Debtor or the Estate.

# ARTICLE IX
# DISCHARGE

9.01    Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

# ARTICLE X
# OTHER PROVISIONS

**[Insert other provisions, as applicable.]**

Respectfully submitted,

By: **/s/ Kevin D. Ganong**
**Kevin D. Ganong**
The Plan Proponent

By: **/s/ Thomas E. Fowler, Jr.**
**Thomas E. Fowler, Jr. 99005**
Attorney for the Plan Proponent

By: **/s/ Joel Hargis**
**Joel Hargis 2004-007**
Attorney for the Plan Proponent